UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL C. BRIDGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:08-cv-580-DFH-WTL |
| | ) | |
| TOM HANLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion to Proceed *In Forma Pauperis*,
Discussing Complaint, and Directing Entry of Final Judgment**

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial filing fee is not feasible at this time.

**II.**

**A.**

Michael Bridges, a state prisoner formerly confined at the Correctional Industrial Facility ("CIF") brings this action pursuant to 42 U.S.C. § 1983 and alleges that the Superintendent of the CIF, the chairman of a prison conduct board, and the Final Reviewing Authority of the Indiana Department of Correction ("DOC") violated his federally secured rights by convicting him in late 2006 of (or affirming his conviction for) violating a prison regulation Bridges claims was not published or written. Bridges alleges that as a result of this matter he was deprived of earned good time, suffered a demotion in credit earning class, was placed in administrative segregation, suffered mental anguish and distress, suffered the loss of other programming opportunities, and was rendered vulnerable in a subsequent disciplinary proceeding, which occurred in 2007, in which it was determined that Bridges was a habitual rule violator. Bridges seeks unspecified compensatory and punitive damages, injunctive relief freeing him from administrative segregation, and expungement of the records and sanctions of the disciplinary proceedings in both 2006 and 2007.

**B.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

    This action must be dismissed. This disposition is compelled by the fact that Bridges could not prevail in this action without impugning the validity of the prison disciplinary proceedings which are described in the complaint. This is relevant because the law is that where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (citing to *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (applying *Heck* to a prison disciplinary hearing where good-time credits were affected); *Gilbert v. Cook,* 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. *Edwards* . . . extends this doctrine to the decisions of prison disciplinary tribunals."). Because the punishment imposed at the disciplinary hearings affects the anticipated duration of Bridges' confinement, his due process claims are barred until such time as the disciplinary proceedings are invalidated, which in turn may occur (in federal court) only through an action for habeas corpus relief.

### III.

    "[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal of the action, however, shall be without prejudice.

    So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   5/19/2008